UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC BAKER,

                Plaintiff,

-against-

NETSPEND CORPORATION,

                Defendant.

22-CV-7219 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, alleging that Defendant imposed $8.00 in improper "swipe fees." By order dated August 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a New York resident, filed this complaint against Netspend, for which he provides a Texas address. The following facts are drawn from the complaint. It is Plaintiff's "understanding" that "charging swipe fees for debit and credit purchases are illegal in both Texas and New York." (ECF 2 ¶ III.) When Plaintiff "received the source materials there was no mention of swipe fees associated with" Plaintiff's account, which would "otherwise make their debit card worthless when compared with similar companies." (*Id.*) Plaintiff seeks a refund of $8.00; that the "illegal swipe fees never be charged again"; that his account be "updated with respects to security and that [his] account be given access to mobile deposits and wire transfers," and other unspecified "redress" from the court. (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff invokes the Court's diversity jurisdiction. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff seeks a refund of $8.00. Even if the Court were to assume that diversity of citizenship exists, diversity jurisdiction would still be lacking here because Plaintiff alleges that his claim involves one $8.00 swipe fee, which is well below the statutory jurisdictional amount in controversy.

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

There are no facts in the complaint suggesting that Plaintiff can state a claim under the Court's federal question jurisdiction.

**DENIAL OF LEAVE TO AMEND AND WARNING**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Plaintiff has filed nine *pro se* cases in this court since April 15, 2022,[1] and he has twice been warned that further meritless litigation in this court could result in an order barring him from filing new actions IFP without prior leave of court. *See Miles-Baker v. 1 X Instagram*, ECF 1:22-CV-7485, 3 (S.D.N.Y. Oct. 5, 2022) (dismissing complaint for failure to comply with court order); *Baker v. Lewis-Ashley*, ECF 1:22-CV-4971, 5 (S.D.N.Y. July 26, 2022) (dismissing complaint for failure to state a claim on which relief may be granted, and warning Plaintiff that continued frivolous litigation could result in the imposition of a filing injunction); *Baker v. GVS Props.*, ECF 1:22-CV-3745, 9 (S.D.N.Y. Aug. 22, 2022) (dismissing complaint for lack of subject matter jurisdiction and reiterating warning); *Heights in Paris LLC v. Almanzar*, ECF 1:22-CV-3224, 3 (S.D.N.Y. May 3, 2022) (dismissing complaint filed on behalf of an entity); *Baker v. Obama*, ECF 1:22-CV-3125, 8 (S.D.N.Y. July 11, 2022) (dismissing complaint as frivolous).

The Court's prior warnings remain in effect. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). The next time Plaintiff files a complaint that is frivolous, duplicative, or fails to state a claim, he will be ordered to show cause why he should not be

---

[1] Two of those cases were transferred to other district courts. *Baker v. Yale Law Sch.*, ECF 1:22-CV-3222 (S.D.N.Y. Apr. 21, 2022) (transferring case to the District of Connecticut); *Baker v. Jamaica Hosp.*, ECF 1:22-CV-4452, 4 (S.D.N.Y. June 7, 2022) (transferring case to the Eastern District of New York).

barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge